Filed 4/29/22  P. v. Herrera CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B313719 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA188350-03) |
| v. | |
| MIGUEL HERRERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2000, the jury found defendant and appellant Miguel Herrera guilty of first degree murder (Pen. Code, § 187 [count 1])[1]

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and conspiracy to murder (§ 69 [count 2]).  The jury found true the allegations that Herrera committed the murder by lying in wait (§ 190.2, subd. (a)(15)), and that he committed the murder for financial gain (§ 190.2, subd. (a)(1)).  The jury also found true the allegation that a principal was armed with a handgun. (§ 12022, subd. (a)(1).)  The trial court sentenced Herrera to life without the possibility of parole in count 1, and imposed and stayed a sentence of 25 years to life in count 2 pursuant to section 654.  The principal armed with a handgun enhancement was stricken under section 1385.

On appeal, another panel of this court modified the award of custody credits, but otherwise affirmed the judgment.

After the Legislature enacted Senate Bill No. 1437, Herrera filed two successive petitions seeking vacatur of his murder conviction and resentencing under section 1170.95.  The court denied both petitions.[2]  Herrera timely appealed the denial of his second petition.

We appointed counsel.  After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).  On February 17, 2022, we advised Herrera that he had 30 days to submit any contentions or issues he wished us to consider.  No response has been received to date.

We have examined the entire record.  We are satisfied no arguable issues exist and that Herrera's counsel has fully

---

[2] The trial court denied the first petition without appointing counsel.  The court appointed counsel, considered briefing, and held a hearing on the second section 1170.95 petition.

2

satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The trial court's judgment is affirmed.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.